No. 1,778.

## ZIMMERMAN v. DRUECKER.

SALE.—*Implied Warranty.*—One who sells a chattel with knowledge that it is to be used for a particular purpose, impliedly warrants the article to be reasonably fit for that purpose.

SAME.—*Implied Warranty.—Breach.—Counterclaim.*—On the breach of an implied warranty that a chattel is reasonably suitable for the purpose for which it is purchased, the buyer need not rescind the contract and return the property, but may, when sued for the purchase-price, set up his damages in a counterclaim.

From the Elkhart Circuit Court.

*Chamberlain & Turner*, for appellant.
*Osborn & Zook*, for appellee.

REINHARD, J.—Appellee brought this action in the court below, to recover of the appellant for an alleged balance due for cement sold and delivered by appellee to appellant. The appellant filed a counterclaim, setting up an implied warranty of the cement. A demurrer was sustained to this pleading, and this ruling is the first error assigned.

It is alleged, in this pleading, that the cement described in the complaint is the kind usually sold by the appellee to construct cement-paved sidewalks, and that it was purchased by the appellant for the purpose of constructing and building cement-paved sidewalks in the city of Elkhart; that two hundred and forty barrels of it was purchased of appellee, by the appellant, for the particular purpose of building certain cement sidewalks in said city, and that appellee, at the time, well knew the use to which appellant intended to put it; that appellant was skilled in the use of cement in the construction of said walks, and that 'the cement so purchased was used in a proper and skillful manner, but that the same was worthless, and of no use, and that it crumbled after it had been put down, and would not cement together, by reason of which appellant was compelled to purchase other cement to replace such walks, at an expense of $1,000.00, in which amount he claims damages.

We are unable to understand the theory upon which this pleading was held bad.

We think the counterclaim fairly brings the case within the rule that where a chattel is to be furnished by the seller to the order of the purchaser, which is to be used for a certain purpose, and the seller knows

when he accepts the order for such chattel that it is intended for such special purpose, he impliedly warrants the article to be reasonably fit for the purpose for which it is to be used, or for which it is intended by the buyer, and in case of a breach of such implied warranty, the purchaser need not return the property and rescind the contract, but he may, when sued upon such contract, set up his damages in a counterclaim. *Bushman* v. *Taylor*, 2 Ind. App. 12; *Merchants, etc., Sav. Bank* v. *Fraze*, 9 Ind. App. 161, and authorities there cited.

The appellee has not favored us with a brief, although ample time has been given for preparing one. We think the court erred in sustaining the demurrer to this pleading.

The only possible omission from which it might be said that the counterclaim was insufficient, is an express averment of appellant's want of knowledge of the worthlessness of the cement when he purchased it, but we think the character of the transaction described is such as to fairly raise that inference.

The same reasoning applies to the second paragraph of the answer, to which a demurrer was sustained, and which ruling is assigned as error. This answer is pleaded as a plea of failure of consideration. It sets up an express warranty and a breach thereof, that the cement was to be a good article, suitable for the purpose for which it was sold, but that it was wholly worthless and unfit for use. This was a good defense.

For a similar reason the court also erred in sustaining the demurrer to the cross-complaint, setting up a breach of an express warranty and claiming damages.

Other errors assigned need not now be considered.

Judgment reversed.

Filed June 17, 1896.