NORTH LIBERTY SILO AND CONCRETE COMPANY *v.* HUBER ET AL.

[No. 12,202. Filed November 30, 1925.]

1. SALES.—*Express warranty cannot be shown by parol where sales contract is in writing.*—Where a sales contract is in writing, an express agreement constituting a warranty cannot be shown by parol. p. 654.

2. SALES.—*Seller and builder of a silo impliedly warranted its fitness for holding and preserving ensilage.*—In the absence of an express warranty, the seller and builder of a silo impliedly warranted its fitness for holding and preserving ensilage, and the purchaser can recover for a breach thereof. p. 654.

From Decatur Circuit Court; *John W. Craig,* Judge.

Action by the North Liberty Silo and Concrete Company against Robert Huber and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*Hugh D. Wickens* and *Frank Hamilton,* for appellant.

*George L. Tremain* and *Rollin A. Turner,* for appellees.

NICHOLS, P. J.—Action by appellant to recover on a contract for the construction of a silo, and to foreclose a mechanic's lien therefor.

In the first paragraph of complaint, appellant alleged, in substance, that it and appellee Robert A. Huber entered into a written contract by which appellant agreed to furnish the material for and perform labor necessary to erect a concrete stave silo on real estate in De-

catur county, Indiana, therein described, and owned by. appellee; that appellant performed said contract; that there was due thereon $348.75. There were averments as to a mechanic's lien and as to attorney's fees. It appears by the contract of purchase that there was no express warranty of the silo. It is averred in the fourth paragraph of answer, so far as here involved, that, at the time of purchase of the silo, appellee was engaged in farming in Decatur county, Indiana, and in raising live stock upon said farm; that, at that time, he desired to have erected upon his farm a silo for the purpose of holding ensilage to be fed to his live stock; that, with full knowledge of the use for which appellee desired said silo and knowing that he was purchasing it and was having it erected for the sole and only purpose of holding and preserving ensilage to be fed to his live stock, appellant did, upon said date, agree with appellee to erect upon his said farm a silo suitable for said purpose and entered into the contract sued upon well knowing that appellee desired to have said silo erected for that purpose and no other; that, knowing all of said facts, appellant impliedly warranted to appellee that it was able to and would erect a silo suitable for such purpose. But appellant wholly failed and neglected to erect said silo in such manner as to hold and preserve ensilage, but erected the same in a negligent and faulty manner and used defective, rotten and unfit material in the construction of the same; that the cement staves were rotten and broken, and at the time appellant announced that it had completed the construction of said silo, there were sixty-four broken concrete staves therein; that more than forty of said broken staves were on one side of said silo, and eleven in a continuous row were broken; the effect of which rotten and broken concrete staves was to render said silo unfit for holding and preserving ensilage as food for live stock, and said silo was

and is at this time unfit to be used for said purpose; that said concrete staves are broken and cracked in such manner as to render said silo wholly worthless for the purpose for which it was intended and for the purpose which appellant impliedly warranted said silo to be useful.

There was a finding against the appellant. Judgment was rendered accordingly that appellant take nothing and appellee recover costs.

The error relied upon is that the court erred in overruling appellant's motion for a new trial, upon the ground that the decision of the court is contrary to law and not supported by sufficient evidence.

We have carefully examined the evidence in this case as it appears in appellant's brief, supplemented by appellee in his brief, and we have no hesitation in saying that there is ample evidence to sustain the decision of the court, and that it is not contrary to law. Appellant confuses the rule that prevails where there is a written contract and there is an attempt to prove by parol and express warranty, with the rule that prevails when there is an implied warranty. Where the principal contract is in writing, an express agreement constituting a warranty cannot be shown by parol. Such is the holding of *Michigan Pipe Co.* v. *Sullivan County Water Co.* (1920), 190 Ind. 14, 127 N. E. 768, relied upon with so much confidence by appellant; but, in this case, appellee does not attempt to rely upon an express warranty, and has offered no evidence of such a warranty. But appellee does rely upon an implied warranty as to quality and fitness, as is revealed in his fourth paragraph of answer. All his evidence tended to support the averments of that paragraph of answer, and there was certainly some evidence to sustain it. As was said in *Indiana Silo Co.* v. *Harris* (1918), 134 Ark. 218, 203 S. W. 58: "In the absence

of an express warranty the seller of a silo was liable on an implied warranty that it would preserve ensilage and was fit for the purpose for which it was manufactured and sold." Indiana authorities that sustain this principle are: *Oil-Well Supply Co.* v. *Watson* (1907), 168 Ind. 603, 80 N. E. 157, 15 L. R. A. (N. S.) 868; *Hart-Kraft Motor Co.* v. *Indianapolis Motor Car Co.* (1915), 183 Ind. 311, 109 N. E. 39; *Zimmerman* v. *Druecker* (1896), 15 Ind. App. 512, 44 N. E. 557; *J. C. Smith Shoe Co.* v. *Curme-Feltman Shoe Co.* (1918), 71 Ind. App. 401, 118 N. E. 360.

Judgment affirmed.