## J. F. DARMODY COMPANY v. MOSS.

### [No. 12,877.   Filed October 25, 1927.]

1. SALES.—*Buyer of goods purchased for resale not required to return unsalable goods, but may plead set-off in action by seller for price of other goods.*—A dealer placed an order with a wholesaler for a certain amount of candy. When the goods were delivered, they were found to be unsalable and of no value. The wholesaler's agent, after examination, admitted they had no market value and directed the dealer not to pay for them, but they were unintentionally paid for in the settlement of other accounts. Subsequently, the wholesaler sued the buyer on another account. *Held,* that the defendant could plead a set-off for the amount paid for the unsalable goods, based on the implied warranty of their fitness for the purpose for which they were bought, although he had not returned or offered to return them.   p. 428.

2. SALES.—*Implied warranty of fitness for use intended by purchaser.*—Where a dealer sells an article with knowledge of its intended use by the buyer, there is an implied warranty of its fitness for that use.   p. 428.

3. SALES.—*Dealer's unintentional payment of purchase price for unsalable goods not waiver of breach of implied warranty so as to preclude his recovery therefor.*—The fact that the buyer of goods for resale paid the purchase price of certain unsalable goods, after he had notified the seller that they were unfit for sale, would not constitute a waiver of the breach of warranty so as to preclude the buyer's recovery for the breach.   p. 428.

From St. Joseph Superior Court; *Lewis W. Hammond,* Judge.

Action by the J. F. Darmody Company against Thomas Moss, in which the defendant filed a set-off. From a judgment for the plaintiff for the amount sued for, less

the amount of the set-off, the plaintiff appeals. *Affirmed.* By the court in banc.

*Walter R. Arnold, Thad M. Talcott, Jr.* and *Rulison, Arnold, Carson & Judie,* for appellant.

*Floyd O. Jellison,* for appellee.

REMY, J.—Action by appellant, a wholesale dealer in candies, against appellee on account. To the complaint, appellee, as defendant, filed a pleading designated as a cross-complaint, it being in the nature of a set-off, by which pleading he admitted that the account sued on was correct, due and unpaid, but alleged that on a date previous to the purchase of the goods represented by the account sued on, appellee had placed an order with appellant for a certain bill of merchandise, the purchase price to be $51.65; that when the goods were delivered, they were unfit for the purpose for which they had been ordered, were unsalable and of no value whatever; that soon after the unsalable goods were delivered to appellee, they were examined by appellant's agent, who admitted they had no market value, and directed appellee not to pay for the goods, but to throw them away; that by mutual mistake of the parties the account for these worthless goods was paid by appellee who, at the time, thought he was paying for other goods he had purchased of appellant. The pleading closed with a prayer that the court find that appellee was entitled to a claim of $51.65, the amount paid by mistake, which sum should be set off against the amount found by the court to be due on the account which formed the basis of appellant's complaint. Without testing the pleading filed by appellee by demurrer or otherwise, appellant answered the same by denial.

On the trial, there was evidence tending to prove that the goods referred to in appellee's cross-complaint were, as alleged, worthless and wholly unfit for the use for

which they had been purchased, and that appellee had inadvertently paid for the worthless goods, thinking at the time the payment was made that he was paying for other goods which had been ordered from appellant. The court found in favor of appellant for the full amount of its claim with interest, and made an allowance to appellee for the amount of his set-off, rendering judgment against appellee for $178.39.

Claiming that the court erred in allowing the set-off and in rendering judgment for a sum less than the account sued on, appellant moved for a new trial; the motion being overruled, this appeal followed.

It is urged by appellant that under the pleadings and evidence, appellee was not entitled to recover on his set-off, the contention being that before appellee 1-3. could recover the amount he had voluntarily paid, he should have returned or offered to return the unsalable goods. We do not so understand the law. The set-off is based upon an implied warranty. In such an action, the plaintiff does not seek a rescission, but elects to stand upon his contract and to enforce a right created thereby. It is, of course, a well-settled principle that, where one sells an article with knowledge of its intended use by the buyer, there is an implied warranty of its fitness for that use. *Zimmerman* v. *Druecker.* (1896), 15 Ind. App. 512, 44 N. E. 557. It is likewise the law that the payment of the purchase price by the buyer is not a waiver of a breach of implied warranty. As is correctly stated by the authors of a reputable text: "According to the better view the fact that the buyer pays the price after notice of defects in the goods constituting a breach of the seller's warranty does not constitute a waiver of the breach so as to preclude him from maintaining an action therefor." 24 R. C. L. 239. To the same effect, see, *York Mfg. Co.* v. *Bonnell* (1900), 24 Ind. App. 667, 672, 57 N. E. 590;

MAY TERM, 1927.                    429

*Gilmore* v. *Williams* (1894), 162 Mass. 351, 38 N. E. 976, 1 L. R. A. 339, note.

We hold that by his unintentional payment of the account for the unsalable goods, appellee did not waive his right to recover for appellant's breach of implied warranty.

We find no reversible error.

Affirmed.