RICE ET AL. *v.* RICE.

[No. 13,854. Filed March 30, 1931. Rehearing denied July 3, 1931.]

*Leonard, Rose & Zollars* and *Clark J. Lutz,* for appellants.

*Eichhorn, Gordon & Edris* and *Aiken, Grant & Aiken,* for appellee.

KIME, J.—Decedent, George W. Rice, died testate in January, 1925, leaving as his only heirs his widow, Melissa Rice, and two sons, Jesse Alfred Rice and Franklin Newton Rice. At the time of decedent's death, he was the owner of certain real and personal property of the probable value of $20,000. His will, which was executed in May, 1917, and a codicil thereto of September 18, 1920, were produced and probated in the Allen Circuit Court immediately after his death. By the terms of the will, the deceased bequeathed to his widow a life estate; to Jesse Alfred Rice, for and during the period of his natural life, a tract of land containing 100 acres; to Charles J. Rice a grandson of the decedent, all of the same land in fee simple upon the death of Jesse Alfred Rice; to Cora Ethel Rice, decedent's granddaughter, the east half of an 80-acre farm; and to Florence M. Rice, another granddaughter, the west half of said 80-acre farm.

By the terms of this same will, Franklin Newton Rice, the plaintiff and appellee herein, was bequeathed the sum of $5. The original will named one William Wagner as executor, and the codicil was merely a reaffirmance of the will, with the exception of Item 11 of said will, naming the said William Wagner as executor, which item was revoked, and one George Buskirk was named

as executor. At the time the said will was admitted to probate, the said George Buskirk declined to accept the appointment, and Russell Buskirk was thereupon appointed administrator with the will annexed, and qualified to the approval of the court.

This action was commenced in March, 1925, in the Allen Circuit Court, and, upon a motion for change of venue by Jesse A. Rice, the case was transferred to the Adams Circuit Court.

In August, 1926, decedent's wife, Melissa Rice, died intestate. Defendants, by their attorneys, filed a motion requesting that the court require the plaintiff to make the personal representative of said decedent (Melissa Rice) a party defendant to the action. This motion was overruled by the court. Appellants have assigned the overruling of this motion as error, but, inasmuch as they have failed to discuss or raise this question under their points and authorities as required by clause 5, Rule 22, of this court, we will consider this alleged error as being waived. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481.

Appellants have assigned the overruling of their motion for a new trial as error, and, under this assignment, have enumerated approximately 165 alleged errors of the trial court. Many of these causes are not presented for review and are waived. The record and briefs in this case are very voluminous, but we have made a careful and thorough study of same, and will discuss only those points which we believe to be meritorious.

Appellants contend that the decision of the court is not sustained by sufficient evidence and the verdict is contrary to law.

A jury of 12 men believed from a mass of testimony offered, and drew a fair inference therefrom, that decedent was of unsound mind. At least 15 lay witnesses

testified, after detailing conversations, acts, conduct, business transactions and describing his appearance, that, in their opinion, decedent was of unsound mind.

The Supreme Court, by Myers, J., has decided this so well that we adopt its language as applicable here: "Appellants insist that the opinion of the witnesses could have no greater weight than the facts upon which it was based. That statement is correct, and the jury was so instructed, and we may add that the evidence to support the verdict is weak, but we cannot say as a matter of law that there is no evidence or inferences to be drawn therefrom to sustain the verdict. When the question turns on the weight of the evidence, our judgment must give way to that of the jury. *Danville Trust Co.* v. *Barnett* (1915), 184 Ind. 696, 111 N. E. 429; *Bever* v. *Spangler* (1895), 93 Iowa 576, 61 N. W. 1072.

"This court has held that we are not at liberty to wholly reject opinion evidence as to the mental condition of the testator at the time of making his will, for the reason that the witness may draw conclusions from the appearance and acts of a person which cannot be fully and accurately described in words but which are nevertheless a reliable basis for his opinion. *Barr* v. *Sumner* (1915), 183 Ind. 402, 411, 107 N. E. 675, 109 N. E. 193. As said in *Connecticut Mutual Life Ins. Co.* v. *Lathrop* (1884), 111 U. S. 612, 619, 4 Sup. Ct. 533, 28 L. Ed. 536; 'The extent to which such opinions should influence or control the judgment of the court or jury must depend upon the intelligence of the witness, as manifested by his examination, and upon his opportunities to ascertain all the circumstances that should properly affect any conclusion reached.'" *Ramseyer, Exr.*, v. *Dennis* (1918), 187 Ind. 420, 428, 429, 116 N. E. 417, 119 N. E. 716.

Appellants cite as error the admission of evidence of witnesses William Wagner, Josiah Johnson, Lockwood,

Studebaker, Sickler, Sommers, Sprang and Platte, who, after relating various facts and incidents pertaining to the life of the decedent, George W. Rice, testified that, in their opinion, George W. Rice was of unsound mind, basing their opinion on the facts to which they had testified.

Again the Supreme Court has asserted: "The courts have recognized and adopted an exception to the hearsay and remote rule which permits all utterances and conduct of the testator to be brought to the attention of the court or jury trying the issue, not for the purpose of proving the truth of the particular declarations or statements, but, from them, the condition of the testator's mind at various times for use as a basis for inferring his condition at the time the instrument was executed. Under the exception noted and for the purpose stated, the conduct of the testator may be shown before and after the testamentary act. *Bower* v. *Bower* (1895), 142 Ind. 194, 41 N. E. 523; *In re Estate of Wharton* (1907), 132 Iowa 714, 109 N. W. 492; *Watson* v. *Anderson* (1847), 11 Ala. 43; *Spencer* v. *Terry's Estate* (1903), 133 Mich. 39, 94 N. W. 372; 1 Alexander, Wills §361; *Haynes* v. *Hayden* (1893), 95 Mich. 332, 347, 54 N. W. 911, 35 Am. St. 566. One reason for this rule, as said in the case last cited, is that 'it very rarely occurs that this state of mind can be shown by declarations made at the very moment of the execution of the will.' But the exact time which may be covered by either of these periods is largely within the discretion of the trial court, or, as sometimes said, 'that issue must, of necessity, evoke an inquiry of the broadest range.' *Bower* v. *Bower, supra,* 199; 1 Alexander, Wills §361; *Moore* v. *McDonald* (1887), 68 Md. 321, 339, 12 Atl. 117; *Johnston* v. *Johnston* (1912), 174 Ala. 220, 226, 57 So. 450; *In re Estate of Lefevre* (1894), 102 Mich. 568, 61 N. W. 3; 1 Wigmore, Evidence §233.

"In cases like this it is now well settled that a nonexpert

witness may express his opinion as to the mental condition of the testator after detailing to the jury his personal knowledge of the testator, which may include the latter's gestures, his appearance and conduct, his memory, his deportment, his conversations and declarations, his business dealings, and any other act of commission or omission considered by him in forming an opinion of the testator's mental condition. *Swygart* v. *Willard* (1905), 166 Ind. 25, 76 N. E. 755; *Bower* v. *Bower*, *supra*; *McCoy* v. *Jordan* (1904), 184 Mass. 575, 69 N. E. 358; *Montana R. Co.* v. *Warren* (1890), 137 U. S. 348, 353, 11 Sup. Ct. 96, 34 L. Ed. 681; 1 Wigmore, Evidence §228. The court or jury is thereby apprised of the reasons relied on by the witness to sustain his opinion, which go to the jury for whatever they are worth. The probative force of such narrated circumstances and opinion must necessarily depend upon how inseparably connected they are with the precise time of the making of the will. The application of such evidence and its only purpose should be carefully placed before the jury by a proper instruction, as was done in this case. Returning to the declarations to which objections were made, it would seem to us that when they are considered in connection with other evidence forming a chain back to the hour of the testamentary act, together with the announced purpose of counsel when introducing it, and the instructions given, we cannot say the trial court abused its discretion in the particulars mentioned. 3 Chamberlayne, Mod. Law of Evidence §1918. *Olmstead* v. *Webb* (1895), 5 App. D. C. 38, 52." *Ramseyer, Exr.,* v. *Dennis, supra,* pp. 435, 436.

The appellants complain of the action of the court in refusing to compel a witness, Eva Bashler, to answer a certain question as to whether or not she knew Mrs. Rice (testator's wife) was in the habit of running away. Even if this could be said to be

error, it was absolutely harmless and of no consequence.

This brings us to the question of instructions, of which there were 14 by appellees, all being given, 23 by appellants, which were all given but two, and 11 by the court—46 in all that were given.

Appellants complain of the refusal of the court to give instructions Nos. 1 and 5 tendered by them. Appellants' instruction No. 1 is fully covered by the first instruction given of the court's own motion.

As to appellants' instruction No. 5, it is fully covered by their own instructions Nos. 6 and 7, together with their instructions Nos. 9, 11, 12 and 13.

Appellants complain of the giving of instructions Nos. 2, 3, 8, 9 and 11 of instructions tendered by appellee. As to instruction No. 2, this, in substance, told the jury that one may make an unequal distribution of his property if he is of sound mind, among either his relatives or the natural objects of his bounty, but if he does so the jury may consider this along with other facts in determining whether or not he was of sound mind. This is a fair statement of this portion of the law, and, taken in connection with all other instructions given, was not erroneous. *Egbert, Exr.,* v. *Egbert* (1929), 90 Ind. App. 1, 168 N. E. 34; *Jewett* v. *Farlow* (1927), 88 Ind. App. 301, 157 N. E. 458, 158 N. E. 489.

As to appellee's instruction No. 11, appellants complain, but from *Egbert* v. *Egbert, supra,* it may be seen that this is correct.

As to appellee's instruction No. 3, we decide that, while it is not clear, nor should it be adopted as a model, it states the law, and, taken in connection with Nos. 9, 11, 12 and 13 of appellants' instructions given, it cannot be said to have harmed the appellants.

Instruction No. 9, tendered by appellee and given, is as follows: "In considering the question as to whether

or not the decedent at the time of the execution of the alleged will and codicil in question had sufficient mind and memory to know the value and extent of his estate, you may take into consideration the market value of such estate, if shown by the evidence, as of the time such testamentary disposition was attempted to be made together with all other facts in evidence bearing upon such issues." There was much evidence as to the value of the realty at various times, the decedent having had some very decided ideas about the value at the time he made the will, and many witnesses testified as to his ideas of value. Since a testator must have mind enough to know the *value* and extent of his estate, and there is ample evidence as to value, we do not think that the appellants could be harmed by allowing the jury to take into consideration facts before them as to market value.

Lastly, appellants complain of appellee's instruction No. 8, which was given. This, when considered with instructions Nos. 6 and 7 of appellee's and instruction No. 4 of appellants (in which they use the very words and most certainly the thought they are complaining of), gives the jury a very clear idea of the law on this subject. *McReynolds* v. *Smith* (1909), 172 Ind. 336, 347, 86 N. E. 1009.

Finding no reversible error, this judgment is therefore affirmed, and it is so ordered.

Affirmed.