## THOMAS v. DABBLEMONT, ADMINISTRATRIX.

[No. 4,416. Filed May 20, 1903.]

PHYSICIANS.—*Malpractice.*—*Assault.*—*Joinder of Causes.*—In an action against a physician for malpractice, damages for assault may be demanded in a separate paragraph of complaint. *p. 148.*

WITNESSES.—*Cross-Examination.*—*Malpractice.*—In an action against a physician for malpractice the defendant in his examination in chief testified as to the physical condition of plaintiff and that he gave her the proper remedies. *Held,* that it was proper on cross-examination to require defendant to testify as to the kind of medicines he administered *pp. 148 149.*

Thomas *v.* Dabblemont.

EVIDENCE.—*Expert Testimony.—Hypothetical Question.—Harmless Error.*
—The embracing in a hypothetical question of assumed facts
that were without support in the evidence, is harmless, where
the court instructed the jury that the value of the opinion given
by an expert upon a hypothetical question must depend upon the
facts proved which are embraced in the question. *p. 149.*

PHYSICIANS.—*Skill Required.—Malpractice.*—A physician is bound to
possess and exercise only the average degree of skill possessed and
exercised by members of the medical profession practicing in simi-
lar localities. *p. 150.*

From Sullivan Circuit Court; *O. B. Harris,* Judge.

Action by Lizzie Souter by next friend, against George
A. Thomas. From a judgment for plaintiff, defendant
appeals. *Reversed.*

*G. W. Buff* and *J. S. Bays,* for appellant.
*J. A. Riddle* and *Seymour Riddle,* for appellee.

COMSTOCK, J.—Lizzie Souter, by her next friend, com-
menced this action against the appellant, a physician, to
recover damages for alleged malpractice of appellant in the
treatment of said Lizzie during her sickness. The action
was begun in the Greene, and tried in the Sullivan Circuit
Court, upon change of venue. The trial resulted in a
verdict against appellant for $700. His motion for a new
trial was overruled, and judgment rendered on the verdict.
Before the appeal was perfected, Lizzie Souter died, and
appellee Dabblemont was appointed administratrix of her
estate. The transcript was subsequently filed in this court,
and notice given appellee.

Appellant assigns as error: (1) The action of the court
in overruling appellant's motion to make the complaint
more specific; (2) and (5) in overruling appellant's mo-
tion to require plaintiff to separate her causes of action;
(3) in overruling appellant's demurrer to each paragraph
of the complaint; (4) in permitting plaintiff to file second
paragraph of complaint; (6) in overruling appellant's mo-
tion for a new trial.

The complaint was in two paragraphs. To each a general denial was filed. The first paragraph charged unskilful treatment by appellant; that he exposed her to cold and inclement weather, made improper proposals to her, and, against her will, took indecent liberties with her person. The second paragraph charges assault.

It is conceded by appellant that the first and second specifications of error are not properly presented. It is correctly claimed, however, that the ruling of the court in refusing to require plaintiff to separate her causes of action is raised by the third specification, viz., the overruling of appellant's demurrer to the complaint. The improper joining of causes of action is cause for demurrer, and was one of the grounds given in the demurrer filed to each paragraph of the complaint. Judged by the general scope and the controlling averments of each paragraph of the complaint, each is in tort. *DeHart* v. *Haun,* 126 Ind. 378; *Goble* v. *Dillon,* 86 Ind. 327, 44 Am. Rep. 308; *Boor* v. *Lowrey,* 103 Ind. 468, 53 Am. Rep. 519. That the indecent liberties charged in the first and the assault·in the second paragraph are a sufficient statement of facts to constitute a cause of action (another ground of the demurrer filed being a want of sufficient facts), there can be no question.

The complaint was originally in one paragraph. The court permitted appellee to file a substituted first paragraph. Subsequently appellee was permitted to file a second paragraph. In this there was no error. It does not appear that in these rulings the trial court abused its discretion.

In discussing the question arising upon the motion for a new trial complaint is made of the action of the court in requiring, over objection, upon cross-examination, appellant to detail the kind of medicine he administered to the patient, there being no charge in the complaint that he had administered medicines of any kind. There was

Thomas *v.* Dabblemont.

no error in this ruling in view of the fact that appellant in chief testified to her condition, and that he administered to her proper remedies.

It is also alleged that plaintiff was granted too much latitude in embracing alleged facts in hypothetical questions propounded to Dr. Rose, an expert witness in behalf of appellee, that it embraced assumed facts that were without support in the evidence, and which, in their nature, were calculated to create prejudice in the minds of the jury. It is pointed out that the questions assume, without warrant, that the physician placed his arm about the plaintiff's waist, caressed, and kissed her, and solicited her to sexual intercourse with him. The plaintiff testified that appellant, while they were out riding in the doctor's cab, put his arm around her neck twice, tightly holding her, until she urged him to take it away; that he put his hand into the bosom of her dress, and, while he did not, in terms, solicit her to sexual intercourse, his talk and conduct were suggestive and offensive to a pure-minded young girl. All the facts embraced were not proved, but in an instruction the court informed the jury that the value of an opinion given by an expert upon a hypothetical question must depend upon the facts proved which are embraced in the question. The error, if any, was thus cured. It is due to appellant to say that he denied the alleged indecent conduct, and that certain facts and circumstances testified to corroborate him, but it was the province of the jury to pass upon this conflict.

Objections were made and exceptions taken to the giving to the jury of certain instructions; with others, the seventh. It is as follows: "If a person holds himself out to the public as a physician, he must be held to possess and exercise ordinary skill and knowledge and care in his profession in every case of which he assumes the charge, whether in the particular case he receives a fee or not. Where an injury results from the want of ordinary skill

or attention in the treatment of a case, the physician is responsible for such injury. A person who offers his services to the public in any profession or business impliedly contracts with those who employ him that he is a person of the skill and experience which is possessed ordinarily by those who practice or profess to understand the same art or business which is generally required by those most conversant with that profession or employment as necessary to qualify him to engage in such business or profession successfully."

A physician is bound to possess and exercise only the average degree of skill possessed and exercised by members of the medical profession practicing in similar localities. *Baker* v. *Hancock*, 29 Ind. App. 456; *Gramm* v. *Boener*, 56 Ind. 597; *Smith* v. *Stump*, 12 Ind. App. 359; *Whitesell* v. *Hill*, 101 Iowa 629, 70 N. W. 750, 37 L. R. A. 830; *Becknell* v. *Hosier*, 10 Ind. App. 5; *Jones* v. *Angell*, 95 Ind. 376. Under the foregoing decision the instruction complained of can not be upheld. It fixes the standard of skill required too high.

We have examined the remaining instructions to which exceptions were taken, and find in them nothing warranting a reversal of the judgment.

There is nothing in the record to indicate upon which paragraph of the complaint the verdict was founded. There was serious conflict in the testimony based upon the assault charged and the medical treatment.

We are not warranted in saying from the record that the substantial rights of the appellant were not affected by said instruction seven, nor that it was harmless.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.