# WEIGAND *v.* STATE OF INDIANA.

[No. 22,127.  Filed November 29, 1912.]

1. APPEAL.—*Objection to Instructions.—Waiver.—Briefs.*—Appellant waives alleged errors in the giving of instructions where he fails to present the same properly in his brief, as required by clause five of Rule 22 of the Supreme Court.  p. 625.
2. CRIMINAL LAW.—*Appeal.—Review.—Harmless Error.—Instructions.—Verbal Inaccuracy.*—Where the indictment against defendant was in one count, the use by the court of the words "or of one of the counts thereof", in an instruction correctly defining reasonable doubt, was a mere verbal inaccuracy and harmless.  p. 626.
3. CRIMINAL LAW.—*Appeal.—Ground for Reversal.—Instructions.*—Where instructions as a whole correctly state the law applicable to the facts of the case, neither the giving of an erroneous instruction nor mere verbal inaccuracies or technical errors in the statement of abstract propositions of law, which result in no substantial harm to defendant, will furnish ground for reversal.  p. 626.
4. TRIAL.—*Expert Opinions.—Hypothetical Questions.—Instructions.*—An instruction which in effect told the jury to determine from all the evidence what the real facts were and whether they had been properly and correctly stated in the hypothetical questions asked by appellant's attorney, the same as any other fact, and if found to be true, to give credit thereto, but if the same were not true and were incorrect, to attach no weight and give no credit to the opinions based thereon, was not objectionable, since the value of a hypothetical question, and of an expert

opinion based thereon, necessarily depends on the facts proved which are embraced therein. p. 626.

5. APPEAL.—*Review.*—*Refusal of Instructions.*—There is no available error in the refusal of requested instructions, where it appears that they were not signed by either appellant or his attorney when delivered to the court, as required by §2136 Burns 1908, subd. 6, Acts 1905 p. 584, §260. p. 627.

6. CRIMINAL LAW.—*Appeal.*—*Review.*—*Verdict.*—*Evidence.*—*Sufficiency.*—The jury in a criminal case is the exclusive judge of the credibility of the witnesses, so that where the evidence concerning defendant's sanity at the time of committing a homicide was conflicting, and there was evidence to sustain the verdict of guilt, the verdict will not be disturbed on appeal on the mere weight of the evidence. p. 627.

From Perry Circuit Court; *William Ridley,* Judge.

Prosecution by the State of Indiana against Joseph Weigand. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Philip Zoercher,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr,* and *James E. McCullough,* for the State.

SPENCER, J.—Appellant was charged in the Perry Circuit Court with the murder of Kate Drury. On a trial before a jury he was convicted of murder in the first degree, and, over his motion for a new trial, was sentenced to be imprisoned during his life. Appellant does not deny that he shot and killed decedent, but claims that at that time he was a person of unsound mind. There is presented to this court several alleged errors by which he seeks a reversal of the judgment below.

The following facts were undisputed. Appellant and decedent, Mrs. Kate Drury, were residents on adjoining lots. The Drury lot fronted south, with the east side thereof extending along an alley. Appellant's lot was immediately north of this lot and fronted east on the alley. A board fence separated the two lots. Decedent maintained a chicken yard on her lot just south of this fence, and kept therein a number of chickens. Appellant kept his chickens in a small

lot on the north side of this fence, but devoted most of his lot to the growing of vegetables and flowers. Mrs. Drury permitted her chickens to run outside of her yard, in the alley and in appellant's yard, after being told repeatedly to keep them within her own yard. During the afternoon of January 7, 1911, appellant saw a number of Mrs. Drury's chickens in his yard, and noticed several boards were off the partition fence. He replaced the boards and fastened them to the fence. When Mrs. Drury returned home, she saw the boards were replaced. Taking an ax she proceeded to knock them off, that her chickens might come into her lot. Appellant saw her, and while she was in the act of displacing the boards, got his rifle, pointed it at her, took aim and fired. The bullet struck her in the head, inflicting a serious wound, from the effects of which she died on January 15, 1911.

The indictment was in one count, charging first-degree murder, and was based on §2235 Burns 1908, Acts 1905 p. 584, §347, which is as follows: "Whoever, purposely and with premeditated malice, or in the perpetration of or attempt to perpetrate a rape, arson, robbery or burglary, or by administering poison or causing the same to be administered, kills any human being, is guilty of murder in the first degree, and on conviction shall suffer death, or be imprisoned in the state prison during life."

Appellant has waived alleged errors to all the instructions given by the court of its own motion, except three, sixteen and seventeen, because of his failure properly

1. to present the same in his brief, having failed to discuss them or to point out the alleged defects thereof in his points and authorities as required by Rule 22, clause 5, of this court. *Schondel* v. *State* (1910), 174 Ind. 734, 93 N. E. 67; *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009; *Hoover* v. *State* (1903), 161 Ind. 348, 68 N. E. 591; *Sanderson* v. *State* (1907), 169 Ind. 301, 82 N. E. 525.

Instruction three contains the following inaccurate statement, as applied to this case: "Or of one of the counts thereof." The indictment was in one count. Appellant insists that the above statement confused the jury, causing it to misconstrue the word "count" to mean one of the "elements" which he has applied to this case. This statement was a verbal inaccuracy on the part of the court. "Mere verbal inaccuracies in instructions, or technical errors in the statement of abstract propositions of law, furnish no grounds for reversal, when they result in no substantial harm to the defendant, if the instructions, taken as a whole, correctly state the law applicable to the facts of the case, nor is the giving of an erroneous instruction reversible error when it appears that the substantial rights of the defendant have not been prejudiced thereby." *Musser* v. *State* (1901), 157 Ind. 423, 444, 61 N. E. 1. See, also, *Shields* v. *State* (1897), 149 Ind. 395, 406, 408, 49 N. E. 351; *Harris* v. *State* (1900), 155 Ind. 265, 58 N. E. 75; *Eacock* v. *State* (1907), 169 Ind. 488, 502, 82 N. E. 1039; *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076; *Heyl* v. *State* (1886), 109 Ind. 589, 593, 10 N. E. 916. This instruction correctly defines reasonable doubt, and is supported by *Harris* v. *State, supra,* and we cannot say that it resulted in substantial harm to appellant.

Instruction sixteen, given by the court of its own motion, was in regard to the hypothetical questions propounded by appellant's attorney. It, in effect, instructed the jury to determine from all the evidence what the real facts were, and whether they had been properly and correctly stated in such questions, the same as any other fact, and if found to be true, to give credit thereto, but if the same were not true and were incorrect, then to attach no weight and give no credit to the opinions based thereon.

"A hypothetical question, if it is to be of any value, should embrace facts of which there is some evidence, or which may

fairly be inferred from the evidence.'' *Taylor* v. *Taylor* (1910), 174 Ind. 670, 93 N. E. 9-12.

''The value of an opinion given by an expert upon a hypothetical question must depend upon the facts proved which are embraced in the question.'' *Thomas* v. *Dabblemont* (1903), 31 Ind. App. 146, 149, 67 N. E. 463.

Instruction seventeen, properly presented the element of insanity, as provided in Acts 1909 p. 202.

Appellant contends that the court erred in refusing to give certain instructions requested by him. There was no available error in this, for the reason that the instructions requested do not appear to have been signed by appellant or his counsel when delivered to the court, as the statute requires. Section 2136 Burns 1908, subd. 6, Acts 1905 p. 584, §260; *Pittsburgh, etc., R. Co.* v. *O'Conner* (1909), 171 Ind. 686, 699, 85 N. E. 969, and cases cited.

Subdivision five of §2136, *supra*, provides that ''in charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict.'' We think the instructions given, as an entirety, were correct, and properly instructed the jury as to the law governing this case.

Was the verdict of the jury contrary to law? This raises the question of appellant's sanity. If he was insane at the time he shot and killed decedent, and did not realize the nature of the crime, then the verdict was contrary to law. Numerous witnesses who were acquainted with appellant, and knew his disposition and habits, gave conflicting evidence in answer to this question; however, the following facts were established: At the time of the commission of this offense, appellant was sixty-seven years old, and a resident of Tell City, Indiana, having moved to that city from Ohio, September 16, 1906. He purchased property on Fifth street in said city, where he continued to reside until his arrest on this charge. When he was eight years of age he was struck a violent blow on the head, and

was unconscious for more than one hour. There was a dent in his skull. He was generally known as a man with an irritable temper, and very easily excited, drank intoxicating liquors frequently, and while under the influence thereof often became boisterous, talked loudly, would make numerous gestures while on the street, and often insulted ladies. When sober he was recognized as a quiet citizen, devoting his time to growing and selling vegetables. On January 7, 1911, he became enraged because Mrs. Drury's chickens were in his yard. Finding some boards off the partition fence, he replaced them. When he found Mrs. Drury removing the boards, he walked into his house, got his rifle, came out, took aim at her and fired. Witnesses testify that he did this calmly and deliberately, and did not act as if he was excited. The jury found that appellant was of sound mind when he committed these acts.

"The jury trying a criminal case is the exclusive judge of the credibility of witnesses." Hinkle v. State (1910), 174 Ind. 276, 284, 91 N. E. 1090.

It is a well-settled rule that this court is not authorized to weigh the evidence in a case on appeal and attempt to reconcile conflicts therein. When evidence in a cause appealed to this court is assailed as insufficient to support the verdict, this court considers only the evidence to sustain the verdict, and if evidence is found therein which supports the verdict below on every material point, this court is bound to accept it, and is not permitted to disturb the judgment upon the question raised in respect to the insufficiency of the evidence. Brunaugh v. State (1910), 173 Ind. 483, 511, 90 N. E. 1019.

"In a criminal cause there must be such an absence of evidence in respect to some fact or allegation material to the crime charged as to present a question of law." Brunaugh v. State, supra.

The jury saw and heard the witnesses, and from the evidence found this appellant to be of sound mind when he shot decedent. The evidence as to appellant's unsoundness

of mind was conflicting, and as there is evidence to sustain the verdict, we are precluded from disturbing the same on the mere weight of the evidence.

Therefore, we conclude the verdict was neither contrary to the evidence nor the law, and the judgment is affirmed.

Note.—Reported in 99 N. E. 999. See, also, under (1) 12 Cyc. 886; (2) 12 Cyc. 928; (3) 12 Cyc. 654; (4) 17 Cyc. 260; (5) 12 Cyc. 662; (6) 12 Cyc. 908. As to the doctrine of reasonable doubt in criminal prosecutions, see 48 Am. St. 566. As to insanity as a defense to crime, see 76 Am. St. 83; 63 Am. St. 100.