WILEY v. STATE OF INDIANA.

[No. 25,065. Filed March 7, 1929.]

*J. T. Walterhouse* and *Thomas V. Miller*, for appellant.
*Arthur L. Gilliom*, Attorney-General, and *George J. Muller*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was found guilty by a jury, of

transporting intoxicating liquor, as charged under Acts 1923 p. 70, ch. 23, §1. From the judgment on the verdict, he appeals, and alleges error upon the ruling of the court overruling his motion for a new trial, for the causes that the verdict of guilty is not sustained by sufficient evidence, and that it is contrary to law, and the court's refusal to give requested instructions, and giving instructions over objection.

Two police officers of the city of Muncie saw appellant come out of the traction station on Mulberry Street and cross the street to his automobile. When appellant reached his automobile, he started the motor by cranking it, and then got into the automobile, when the motor stopped. Then the officers went to the automobile and appellant. When they arrived at the automobile, one officer started around the rear of it, and as he came to the other side, he saw appellant put his hand in his inside pocket, and then throw a bottle out, which landed at the feet of the officer, who picked it up, showed it to the other officer and appellant, examined the contents of the bottle and found it was white-mule whisky. The officers had appellant continuously in sight from the time when they saw him until he reached in his pocket, took out of it the bottle and threw it out on the ground on the other side of the automobile from which the officers approached him. This evidence is sufficient to sustain the inference of the fact that appellant had the bottle of whisky in his pocket when the officers first saw him, and that he transported it from the traction station across the street to his automobile. This evidence is sufficient to sustain the verdict.

Error is predicated upon the giving of five instructions by the court upon its own motion, for the reasons: (1) That the court gave these instructions orally to the jury over the request that all instructions be in writing; and (2) that such instructions concerned

the subject of "transportation," and, taken as a whole, are "involved and conflicting," and are erroneous because of doubt and uncertainty, which results because of repetition. If the five instructions were oral instead of being reduced to writing, and given to the jury as written instructions, the record does not disclose that fact; neither did appellant object in the court below for that reason. Such an objection may not first be made upon appeal. Considering these instructions together, they are not subject to the objection that they are involved, or that one conflicts with any of the others, or that, taken as a whole, they are uncertain. It is claimed that another instruction given by the court upon its own motion is erroneous because it introduces a new element of law applicable to weighing of evidence by the jury, in that it states the law that all the elements of a crime need not be proved beyond a reasonable doubt. The instruction is not subject to the criticism made. The giving of these instructions did not constitute error of law.

Appellant also predicates error upon the refusal by the court to give certain instructions requested by him. The state brings to our attention that the instructions requested by appellant were not signed by him or by his attorney in his behalf, as required by law. (§2301, subd. 6, Burns 1926.) Appellant's bill of exceptions which presents the instructions was signed as required. The bill shows that the requested instructions were preceded by a written request that they be given, which request is signed by the attorneys for appellant, but this court has heretofore held that the signing of such request does not comply with the law that the requested instructions must be signed. It is therefore held that the requested instructions are not presented on appeal. *Wiegand* v. *State* (1912), 178 Ind. 623, 627, 99 N. E. 999; *Ludwig* v. *State* (1908), 170 Ind. 648 (8), 85 N. E. 345; *Starr* v. *State* (1903), 160 Ind.

661, 668, 67 N. E. 527. The rule of law, which is the construction of that part of subd. 6, §2301, *supra,* which pertains to signing special instructions, as stated in *Duckwall* v. *Davis* (1924), 194 Ind. 670, 678 (4, 5) 142 N. E. 113, is overruled.

The action of the court overruling the motion for a new trial was not erroneous.

Judgment affirmed.

Martin, J., concurs in the conclusion.