AILES ET AL. *v.* AILES ET AL.

[No. 15,638.  Filed November 22, 1937.]

*W. J. Sprow,* and *Robert W. Marks,* for appellants.

*Harding & Harding,* for appellees.

LAYMON, C. J.—This is an action by appellee Junia M. Ailes, widow of the decedent, Samuel W. Ailes, to contest the will of said Samuel W. Ailes and set aside the probate thereof upon the following grounds: (1) That the will was unduly executed; (2) that the decedent at the time of the purported execution of the will was of unsound mind; (3) that the will was executed under duress; (4) that the purported execution of the will was obtained by fraud. The complaint was in one paragraph, to which was addressed an answer in general denial. Trial was by jury, and the court, by its instructions, eliminated all of the issues except that of unsoundness of mind of the testator at the time of the execution of the will. The jury found for the appellee as follows: "We, the jury, find for the plaintiff; that the

will in question is invalid and void and that the probate thereof should be set aside and held for naught." Thereupon the court rendered judgment in harmony with the verdict. In due time appellants filed their motion for a new trial which was overruled, and this appeal followed. The only error assigned is the ruling of the court on the motion for a new trial. The grounds in the motion for a new trial which are duly presented by appellant are that the verdict of the jury is not sustained by sufficient evidence; that the verdict of the jury is contrary to law; and that the court erred in giving instruction No. 14 upon its own motion. Appellants challenge the sufficiency of the evidence to sustain the finding of the jury and assert that there is no evidence that the testator was of unsound mind on the date of the execution of his will.

While it is true that in cases such as the one at bar, where the mental capacity of the testator is involved, the principal question under investigation upon this issue is, Was he of unsound mind at the time the will in controversy was executed? However, as bearing upon the mental condition of his mind, at this given time, facts and circumstances which tend to show his mental condition both prior and subsequent to the execution of the will in contest may be received in evidence. This rule is recognized by the decision of our Supreme Court. *Dyer* v. *Dyer* (1887), 87 Ind. 13; *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Bower et al.* v. *Bower et al.* (1895), 142 Ind. 194, 41 N. E. 523. The period of time that may be covered by the examination relative to the mental capacity of the person in question, both prior and subsequent to the execution of the will, under all the circumstances in each particular case, must necessarily be left to a great extent to the sound discretion of the trial court,

the abuse of which may be subject to review upon appeal.

The contention of appellants is without merit. The record discloses that the witnesses Junia M. Ailes and Walter W. Ashby, after having recited a number of facts upon which to base their opinion, stated that the testator was not of sound mind when he made his will. Thomas Z. Ball, in answer to a hypothetical question, testified, as an expert, that said testator was of unsound mind at the time of the making of the will referred to. Other witnesses related facts occurring near the time of the execution of the will upon which they based their opinion that the testator was of unsound mind. All of this evidence was properly submitted to the jury with instructions that they consider such evidence to determine whether or not the testator, at the time of the execution of the will, was a person of unsound mind, and since there is some evidence to sustain the verdict, we cannot disturb it.

Appellants next assert that opinions of experts based upon hypothetical questions which assume facts to be true which are not proven are of no probative value and will not sustain a verdict setting aside a will. It is true that if the facts assumed in the hypothetical question are not substantially proved by the other evidence, the expect testimony thus elicited will be of little or no value. If facts are assumed in a hypothetical question which are clearly so exaggerated as to impair the opinion, or are such manifest assumptions as to be misleading, confusing, and outside the evidence, or fair inferences from the evidence, they should be excluded, and their admission might be a prejudicial error in a given case. Here appellee Junia M. Ailes offered the testimony of two practicing physicians. Hypothetical questions were propounded to these wit-

nesses. These questions embraced a great many facts assumed to be true, most of which were supported by some evidence or could have been fairly inferred from the evidence. Under such circumstances, with proper instructions, the weight of the opinion was a question for the jury. If any or all of the facts did not tend to sustain the opinion of the witness, counsel for appellants had the right of testing the same by a cross-examination for the purpose of enabling the jury to properly estimate the weight, if any, to which the opinion of the witness was entitled. *Johnson* v. *Thompson* (1880), 72 Ind. 167; *Louisville, etc., R. W. Co.* v. *Wood* (1888), 113 Ind. 544, 14 N. E. 572, 16 N. E. 197; *Bower et al.* v. *Bower et al., supra.* Both witnesses were cross-examined as to their testimony elicited by such hypothetical questions. The failure to prove a part of the facts embraced in a hypothetical question affects only the reliability of the opinion based upon the hypothesis and the weight to be given. Even if the questions were faulty by the admission of some facts not supported by the evidence, such harm, if any, was corrected by instructions Nos. 34 and 35, which expressly informed the jury that the opinion of a medical expert is to be considered in connection with all the other evidence in the case and that they (the jury) were not required to act upon such opinion to the entire exclusion of other testimony; that they were not to take for granted that the statements contained in the hypothetical questions were true, to the contrary they should consider all the evidence and determine what, if any, of the assumed statements were true and what, if any, were not true. Further, if they should find from a consideration of all the evidence that some of the material statements in the hypothetical question were not true, and if they further found that such untrue statements, if any, were of such a character as to destroy entirely the reliabil-

ity of the opinion based upon the hypothetical question, they need attach no weight to the opinion based thereon. *Thomas* v. *Dabblemont* (1903), 31 Ind. App. 146, 67 N. E. 463; *Taylor* v. *Taylor* (1910), 174 Ind. 670, 93 N. E. 9.

Appellants further complain that the evidence is insufficient to show that the physical condition of the testator affected his mind in such a manner that he did not have testamentary capacity at the time the will was executed. This contention is not tenable. The record discloses ample evidence, both from expert and lay witnesses, that the physical condition of the testator had some effect on his mind. The condition of testator's mind was shown to have been more than one of mere mental weakness due to advanced years. Testator was afflicted with a disease which was testified to by witnesses for appellee Junia M. Ailes, some of whom described the effect that the disease had upon the testator's mental condition and, after thus testifying, relied upon such disease and its effect as a basis for their opinion that the testator was of unsound mind.

Criticism is made of instruction No. 14, given by the court upon its own motion, for the reason that it deprives the appellants of the presumption that the testator was, at the time of executing the will in question, a person of sound mind. This instruction, when considered in its entirety and together with all the other instructions given, is not subject to the criticism urged. The court's instructions, on the whole, were as favorable to appellant as they could ask, and the jury was explicitly instructed that the entire burden was upon the appellee Junia M. Ailes; that every presumption in favor of soundness of mind of the testator was to be indulged until overcome by a fair preponderance of evidence to the contrary; and that before a will can be set aside on the ground of unsoundness

of mind, it must be established by a preponderance of evidence having reference to and bearing upon that subject that at the time of the making of the will the testator was a person of unsound mind. Further complaint of the instruction is made on account of the use of the word "offered" as applied to the admission of evidence. It is quite apparent that the trial court intended the word to refer to the evidence which was adduced at the trial. Such meaning was clearly evident from the latter part of the instruction which directed the jury that before they could find that such person was of unsound mind they would have to find that fact to have been established by a preponderance of the evidence having reference to and bearing thereon. It is clear that no harm resulted therefrom.

We conclude that there was no error in overruling appellants' motion for a new trial. Judgment affirmed.