**In the Matter of the ESTATE OF Murrell BELANGER, Sr.**

**Donna HANIFORD and Johanna Schmal, Plaintiffs,**

v.

**Emily V. BELANGER, Defendant.**

**Robert A. BELANGER, Murrell Belanger, III, and John Belanger, Appellants-Plaintiffs,**

v.

**Emily V. BELANGER, et al., Appellees-Defendants.**

**No. 3–281A52.**

Court of Appeals of Indiana, Fourth District.

March 24, 1982.

Harold Abrahamson, Abrahamson, Reed & Tanasijevich, Hammond, for appellants-plaintiffs.

Lester F. Murphy, Murphy, McAtee, Murphy & Costanza, East Chicago, for appellees-defendants.

CONOVER, Judge.

STATEMENT OF THE CASE

This action is a consolidation of two lawsuits filed by the children and grandchildren of Murrell Belanger, Sr., seeking to invalidate his will for reasons of incapacity, undue influence, duress, fraud, mistake, and improper execution. The defendant-appel-

lees moved for summary judgment in Lake Superior Court. After briefing and argument on the motion the trial court entered judgment for the defendants and the plaintiff-appellants brought this appeal.

We reverse.

ISSUES

1. Did the court err in concluding that no material issue of fact remained in dispute?

2. Is summary judgment proper when state of mind is an issue?

FACTS

Murrell Belanger, Sr., died on June 6, 1977, at age 75. He was survived by his third wife, Emily; two daughters from a second marriage, Johanna and Donna; and three grandsons Robert, Murrell III and John, children of a deceased son from his first marriage.

A will dated October 22, 1976, was duly admitted to probate. The will devised an amount equal to the estate tax marital deduction to decedent's wife, Emily. The remaining property was placed in trust, the income to be paid to Emily, the corpus to be distributed equally to five beneficiaries including Donna and Johanna at Emily's death. The will was signed by the testator on each page and at the end. It was attested by three witnesses, Catherine Parry, Malcolm Parry and Dorothy Maden.

During the final years of Murrell's life he suffered from several physical ailments including arteriosclerotic vessel disease, emphysema and diabetes. A cataract condition was surgically corrected in early 1976. Murrell's physical condition necessitated frequent use of oxygen. Despite these physical impediments, affidavits offered by the appellees indicate the decedent conducted his business affairs up until his death, visited with friends, travelled between Arizona and Indiana and stayed in contact with his daughters and grandsons by phone and personal visits. Testimony offered by Murrell's accountant revealed the purpose for executing a new will was to take advantage of the increased estate tax marital deduction under the then newly enacted federal estate tax code. All of the deponents and affiants who dealt with Murrell on a daily basis agreed that he was competent at the time he executed his will.

The will contestants contradicted that evidence with affidavits submitted by nurses who attended Murrell during a hospital stay in August, 1976. Their conversation with Murrell related only to his desire to leave the hospital and covered no more than twenty minutes. From this contact they concluded that Murrell was of unsound mind. One nurse later recanted her opinion. Dr. Robert Belanger also concluded that his grandfather was of unsound mind based upon conversations with Murrell several months prior to the date of will execution. Donna Haniford, daughter of the decedent, also asserted that her father was of unsound mind but produced no foundation to support that conclusion. Daughter Johanna offered no opinion relative to her father's mental capacity.

Those present at the signing of the will agreed that Murrell was competent and uniformly testified that Murrell knew he was signing his will and signed it in their presence and they in his. However, Catherine Parry also stated she signed each page of the will. The will admitted to probate bore only the testator's signature on each page.

When Murrell was admitted to the hospital in Geneseo, Illinois, Emily signed his name on the admission form. When he dismissed himself later he signed the form personally. The appellants submitted an affidavit from a questioned document examiner stating the signature on the will did not match the signature on the hospital release form.

SUMMARY JUDGMENT

Summary judgment is appropriate only when the strict requirements of Trial Rule 56 have been met. The procedural guidelines pertinent to this appeal are found at Ind. Rules of Procedure, Trial Rule 56(C):

"The judgment sought shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Thus, the test for granting a motion for summary judgment is that there be no genuine issue or dispute as to the material facts of the case. *English Coal Co., Inc. v. Durcholz*, (1981) Ind.App., 422 N.E.2d 302. The moving party bears the burden of showing there is no genuine issue as to any material fact. *Poxon v. General Motors Acceptance Corp.*, (1980) Ind.App., 407 N.E.2d 1181. Conversely, the party opposing summary judgment must present adequate factual evidence to controvert the moving party's declaration that no factual dispute exists. *Shideler v. Dwyer*, (1981) Ind., 417 N.E.2d 281. While the appellant is not required to divulge his entire case, the strictures of T.R. 56 do compel the non-moving party "to disgorge sufficient evidence to show the existence of a genuine triable issue." [citations omitted] *Pan American World Airways, Inc. v. Local Readers Service, Inc.*, (1968) 143 Ind.App. 370, 240 N.E.2d 552, 556.

The key terms "material" and "genuine" have been defined:

"A fact is material where its resolution is decisive of the action or a secondary issue." *Lee v. Weston*, (1980) Ind.App., 402 N.E.2d 23, 24.

"[A] factual issue is 'genuine' if it is not capable of being conclusively foreclosed by reference to undisputed facts." *Stuteville v. Downing*, (1979) Ind.App., 391 N.E.2d 629, 631.

When applying these rules pursuant to a motion for summary judgment the judge may not weigh the evidence presented with the motion nor resolve disputes as to different inferences that could be drawn from undisputed facts. *Carrell v. Ellingwood*, (1981) Ind.App., 423 N.E.2d 630, transfer denied. Nor may a trial by affidavit be conducted as a substitute for a trial on the merits.

The standard of review applied by the courts of appeal is the same as that of the lower courts; summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Enderle v. Sharman*, (1981) Ind.App., 422 N.E.2d 686. All facts alleged by the non-moving party are regarded as true and all doubts are resolved against the moving party. *Suyemasa v. Myers*, (1981) Ind.App., 420 N.E.2d 1334.

After reviewing the briefs and record submitted on appeal, it is apparent the appellants have demonstrated a factual dispute concerning execution of the will. Catherine Parry, a witness to the will, made the following statement during her deposition testimony:

"The lady would be sitting here (indicating), Murrell sat down here (indicating). He says, 'Now I'll sign my will.' Bud and I stood here (indicating) and the lady was there (indicating), and he signed every page, and *I signed every page*, and the other two signed." (Emphasis added.)

The will admitted to probate did not have Catherine Parry's signature on each page. In all other respects her testimony on the matter of execution of the will agrees with the statements of the other witnesses. In other contexts this variance in testimony would be resolved by weighing the evidence or drawing an inference to explain the discrepancy. But when summary judgment is an issue the evidence can not be weighed and inferential matters are resolved against the non-moving party. Thus, we regard the statement of Catherine Parry as true and conclude that a factual question was presented whether the will admitted to probate was the will executed October 22, 1976. Compliance with the formalities of will execution is a question of fact. *Munster v. Marcrum*, (1979) Ind.App., 393 N.E.2d 256.

Appellants also contend that the court erred in disregarding the affidavit of their questioned document examiner. Before the court can determine if a material

issue of fact is in dispute, certain threshold decisions must be made pertaining to the evidential worth of the documents presented. Materials submitted supporting or opposing a motion for summary judgment

> "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Ind. Rules of Procedure, Trial Rule 56(E). When a court reviews a motion for or grant of summary judgment, all inadmissible evidence in either supporting or opposing affidavits should be excluded from consideration. *Coghill v. Badger*, (1981) Ind.App., 430 N.E.2d 405 (Opinion on Rehearing). The handwriting affidavit sets forth no foundational facts to support the competency of the affiant's expert opinion. Before an expert may testify a foundation must be laid indicating that the witness has sufficient skill, knowledge and experience to make his testimony beneficial to the trier of fact. *Davis v. Schneider*, (1979) Ind.App., 395 N.E.2d 283. The court was correct to disregard the affidavit of the document examiner for failing to create a foundation of competency.

▆▆▆▆ The affidavits of the nurses on duty when Murrell left the hospital in Geneseo, Illinois, suffer from the same defect. Even when their deposition testimony is ignored, the affidavits merely show opinion without foundation. Although a decedent's mental state at the time of will execution is a factual question, *Ailes v. Ailes*, (1937) 104 Ind.App. 302, 11 N.E.2d 73, and lay testimony concerning state of mind is permitted in will contests, *Bower v. Bower*, (1895) 142 Ind. 194, 41 N.E. 523, it must still meet the threshold requirements of testimonial competence. *McCraney v. Kuchenberg*, (1969) 144 Ind.App. 629, 248 N.E.2d 171. Nor do the depositions submitted by the appellees create any additional foundation for the nurses' opinions. When viewed in the light most favorable to the appellants, the depositions show only twenty minutes of contact with the decedent and conversation relating solely to decedent's desire to leave the hos-

pital. This does not establish an adequate foundation for opinion on state of mind at the time of execution.

Further error is asserted that the court determined the testator's competence as a matter of law when the materials submitted were in conflict and thus created a genuine dispute on the material factual issue of testimonial competence. The source of the controverted evidence is a deposition taken from T. Cleve Stenhouse, attorney and friend of the decedent, stating that during the time the decedent executed his will he was always legally and mentally competent. Appellants oppose Stenhouse's deposition with the depositions of the nurses and argue that a genuine dispute is created. Had we determined the nurse's depositions to be admissible evidence of the testator's competence at the time he executed his will the conflict would have created a dispute on that issue. However, the nurse's depositions were previously excluded from consideration thus leaving the Stenhouse deposition factually undisputed.

Ultimately, the appellants have presented a genuine dispute as to a material issue of fact. That, of course, is the dissimilarity of Catherine Parry's testimony about her signature upon the will with the actual appearance of the will offered in probate, creating a bona fide dispute on proper execution. Having met their burden of showing such a dispute, appellants are entitled to a reversal and trial on the issues.

## STATE OF MIND

This issue was neither raised nor preserved for the purpose of appeal. Since we reverse, appellants will have an opportunity to raise this objection at the appropriate time. The decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.

YOUNG, J., concurs.

MILLER, P. J., concurs in result.