Jerry L. HARDING, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1182S418.

Supreme Court of Indiana.

Jan. 13, 1984.

James G. Tyler, Tell City, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Jerry Harding, was convicted by a jury of attempted rape, a Class B felony, Ind.Code § 35–42–4–1 (Burns 1983 Supp.), Ind.Code § 35–41–5–1 (Burns 1979 Repl.), of attempted criminal deviate conduct, a Class B felony, Ind.Code § 35–42–4–2 (Burns 1983 Supp.), Ind.Code § 35–41–5–1 (Burns 1979 Repl.), of criminal deviate conduct, a Class B felony, Ind.Code § 35–42–4–2 (Burns 1983 Supp.), of battery, a Class B misdemeanor, Ind.Code § 35–42–4–1 (Burns 1983 Supp.), and of attempted murder, a Class A felony, Ind.Code §§ 35–42–1–1 (Burns 1983 Supp.), 35–41–5–1 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for a term of 110 years. The felony counts were to be served consecutively and the misdemeanor count was to run concurrently. On Motion to Correct Errors, the court dismissed amended count II (attempted criminal deviate conduct) and vacated that sentence on the ground that the amendment was improper. This reduced defendant's sentence to 90 years. His direct appeal to this Court raises the following eight issues:

1. Whether there was sufficient evidence to sustain the conviction for criminal deviate conduct;

2. Whether the trial court erred in refusing to read defendant's requested instructions to the jury;

3. Whether the trial court erred in allowing the victim to identify defendant at trial after an allegedly unnecessarily suggestive pre-trial identification;

4. Whether the trial court erred in allowing the state to charge defendant for two counts of attempted murder;

5. Whether the trial court improperly considered evidence of defendant's prior criminal record in enhancing the presumptive sentences;

6. Whether the sentence is erroneous because the probation officer, in making his recommendation to the court, made an alleged error in computing a proposed sentence;

7. Whether the trial court erred in refusing to find any mitigating circumstances which might affect sentencing; and

8. Whether the trial court stated sufficient reasons for giving the enhanced sentences.

A brief summary of the facts most favorable to the state reveals that on June 20, 1981, at a cabin near Magnet, Indiana, the victim, of Indianapolis, was vacationing for the weekend. At approximately 8:00 p.m., defendant came to the cabin and told the victim that he had car trouble down the road. He held his side, acting as if he was hurt, and asked the victim for a drink of water. She offered to take him to the town of Magnet for help and turned to enter the cabin to get her car keys. Defendant then grabbed her around the throat with his arm and led her into the cabin. He then made her undress and lay down on the bed. He then penetrated her vagina with his penis without her permission. He ordered her to kneel on the floor with her back to him, and then he penetrated her anus with his penis without her permission. Thereafter, defendant told the victim that he probably would have to kill her because he was afraid she would tell authorities what had happened. He started to strangle her. She lost consciousness and when she awakened, defendant was trying to drag her by the neck. Defendant then struck her with a small wooden bench, injuring her head. The victim pretended to be dead and defendant left the cabin, pausing to place a padlock on the outside of the cabin's only door. After defendant left, the victim used the same wooden bench to break out a window of the cabin and make her escape. A passing automobile picked her up and took her to Magnet, where she gave a

description of her assailant to the local police.

## I.

Defendant first contends that there was insufficient evidence to support the guilty verdict on the criminal deviate conduct count. He argues that the evidence of penetration of the victim's anus was weak and equivocal. In addressing this issue, an appellate court such as this cannot weigh the evidence or resolve questions of credibility. It must look only to the evidence and reasonable inferences therefrom which support the jury's verdict. It must then affirm the conviction if there is evidence of probative value from which the jury could make its finding beyond a reasonable doubt. *Hubbard v. State,* (1982) Ind., 437 N.E.2d 52. We also note that a conviction for a sex offense may be sustained upon the sole, uncorroborated testimony of the victim. *Teague v. State,* (1982) Ind., 437 N.E.2d 1335. Furthermore, when the question is whether penetration occurred, it is well settled that proof of the slightest degree of penetration is sufficient. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805.

Here, the record shows that when the state asked the victim whether the defendant penetrated her, she said "yes, he certainly pushed himself very hard against me and it was a good deal more painful that it had been vaginally." She further testified that she told the doctor who examined her after the incident that she had been partially penetrated rectally. While it is true that the victim seemed confused and uncertain during her testimony, we believe the evidence in its entirety provides a basis from which the jury could find that defendant was capable of achieving and did achieve sufficient anal penetration to complete the offense of criminal deviate conduct.

## II.

Defendant next contends that the trial court erred in refusing to give instructions he allegedly tendered regarding At-tempted Voluntary Manslaughter. He argues that the facts as related by the victim in her testimony justify the giving of such instructions. The state insists that the action of the trial court in refusing these instructions is justified, upon the ground, if upon no other, that the instructions were not signed by defendant or his attorney, as required by Ind.Code § 35–37–2–2(6) (Burns 1983 Supp.). That statute provides in pertinent part:

"(6) If the prosecuting attorney, the defendant, or his counsel desires special instructions to be given to the jury, these instructions must be:

"(A) Reduced to writing;

"(B) Numbered;

"(C) Signed by the party, or his attorney, who is requesting the special instructions."

Our most recent interpretation of this statutory language came in *Askew v. State,* (1982) Ind., 439 N.E.2d 1350. In that case, defendant had neither signed nor numbered the tendered instruction. We concluded that no claim of error can be predicated on failure to give an instruction that is not both signed and numbered, and that failure to sign and number an instruction waives any error with regard to refusal to give the instruction. Defendant here attempts to distinguish *Askew* from the instant case. He argues that he substantially complied with the statute in that the instructions are numbered and his attorney signed the cover sheet of the tendered instructions. This same contention was rejected in *Wiley v. State,* (1929) 200 Ind. 572, 165 N.E. 313, a case relied upon in *Askew.* In *Wiley,* this Court held that a signed cover letter, though attached to said instructions or immediately preceding them, is not a signing of the instructions. Here, as in *Askew,* we see no reason to overrule *Wiley* and ignore the plain language of Ind.Code § 35–37–2–2(6). Therefore, we hold that defendant has waived any claim of error with regard to refusal of the instructions because they are not signed as required by statute.

Furthermore, we find that even had the instructions been properly signed, the trial court could have properly refused them. Defendant's proposed instructions read as follows:

"The term 'Sudden Heat' means an excited mind. It is a condition that may be created by strong emotions such as anger, rage, sudden resentment or jealousy. It may be strong enough to obscure the reason of an ordinary person and prevent deliberation and meditation. It can render a person incapable of rational thought."

"The crime of Attempted Voluntary Manslaughter, a class B Felony, is defined by statute as follows:

"A person commits Attempted Voluntary Manslaughter, a class B Felony, when he knowingly or intentionally engages in conduct which constitutes a substantial step toward commission of the crime of Voluntary Manslaughter, a class B Felony.

"To convict the Defendant the State must prove each of the following elements:

"The Defendant

"1. knowingly or intentionally

"2. engaged in conduct that constituted a substantial step to accomplish

"3. the crime of Voluntary Manslaughter, a class B Felony."

 It is well settled that it is not error to refuse an instruction which would tend to mislead or confuse the jury. *Smith v. State*, (1981) Ind., 422 N.E.2d 1179. Here, defendant did not include in his requested instructions an instruction defining Voluntary Manslaughter itself, nor did the trial court otherwise give one. Without the definition of Voluntary Manslaughter, a jury would obviously be entirely without guidance as to what constituted "a substantial step toward commission of the crime of Voluntary Manslaughter," or as to the role the concept of "sudden heat" played in that offense. We conclude that the instructions might have confused the jury and also misstates the law. Therefore, the trial court did not err in refusing

defendant's tendered instructions regarding Voluntary Manslaughter even had it been properly submitted.

## III.

 Defendant next contends that the trial court erred in allowing the victim to identify defendant at trial because the in-court identification procedure was unnecessarily suggestive. On the evening before trial, the prosecutor had taken the victim to the courthouse so that she could become familiar with the courtroom. Defendant now claims that the victim's prior knowledge of where defendant would sit at trial "tainted" her in-court identification of him. There is no defensible basis to this contention. Even if we assume such procedure to be unnecessarily suggestive, the in-court identification need not be suppressed if the witness has a basis for an identification independent of the pre-trial procedure. *Allen v. State*, (1982) Ind., 439 N.E.2d 615. In determining the independent basis, circumstances such as the length of time the witness viewed the accused, the distance between them, lighting conditions and the witness' capacity for observation, will be evaluated. *Allen v. State*, 439 N.E.2d at 618. In the instant case, the victim testified that it was "nearly dusk" when defendant confronted her outside the cabin and that she could see him clearly. She talked with him for approximately fifteen minutes before he attacked her and led her back into the cabin. While inside the cabin, the victim was all too literally at arms length from defendant during the entire episode. Although the victim was without her glasses and testified that she was "kind of blind" without them, her vision disability was nearsightedness and could not have seriously affected her capacity to observe defendant. Under these circumstances, there was a sufficient independent basis for the in-court identification. Therefore, there was no error in admitting the in-court identification.

## IV.

 Defendant was initially charged with two counts of attempted murder. The

first count (Count IV) was based on defendant's choking of the victim's neck. On this count the jury found defendant guilty of battery as a lesser included offense of attempted murder. The second count (Count V) was based on defendant's clubbing the victim with a wooden prayer bench. Defendant argues here that the trial court erred in allowing the state to try defendant on two counts of the same offense, attempted murder. We disagree. The state is not prohibited from alleging the same charge in different counts. A single offense may be charged in more than one count, provided only a single judgment and sentence is imposed. *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859; *Holland v. State*, (1976) 265 Ind. 216, 352 N.E.2d 752. Here, there was only one judgment and sentence for attempted murder. On the other charge of attempted murder, defendant was found guilty of the lesser included offense of battery. Thus, we find no trial court error here.

### V.

■ Defendant next contends that the trial court improperly considered evidence of a prior unrelated conviction in enhancing his sentence. At the sentencing hearing, defendant objected to the introduction into evidence of State's exhibit A which was contained in the state's pre-sentence memorandum. The exhibit was, among other things, an order of the Crawford County Circuit Court to which defendant entered a plea of guilty to battery. Defendant claimed that the state had not laid any proper foundation for its introduction. The trial court apparently agreed since it indicated that the exhibit would not be considered in the sentencing determination. Defendant now argues that the trial court was "tainted" by exposure to this exhibit. This contention is without merit. When the trial court said it would not consider the state's exhibit, it did not say that it would not consider other evidence showing defendant's prior criminal record. In fact, the court specifically stated that it's ruling regarding the state's exhibit did not preclude it from considering all the facts set out in the pre-sentence investigation report. Significantly, the pre-sentence report specifically notes defendant's prior conviction for battery, reduced pursuant to a plea agreement from a charge of rape. Therefore, the documents, even if they were considered by the court, were merely duplications of undisputed and properly admitted evidence. We find no trial court error here.

### VI.

■ Defendant also argues that the sentence here is erroneous because the probation officer, in making his recommendation to the court, made an alleged error in computing the proposed sentence. He claims that the probation officer did not correctly follow Indiana Judicial Center Guidelines for computing a proper sentence. Even if we assume this to be true, defendant cites no authority that any court need follow these guidelines, or that probation officers need follow them, or that any error in using them invalidates a sentence that is in other respects not manifestly unreasonable. It is the court's sole authority to determine the weight to be given in each case to aggravating and mitigating circumstances. *McManus v. State*, (1982) Ind., 433 N.E.2d 775. Thus, we find no trial court error here.

### VII.

Defendant next argues that there was a mitigating factor which the trial court did not specify in its findings and that he was entitled to have the court consider this factor. During the sentencing hearing, defendant stated that the year he spent in jail between the time of his arrest and trial, caused a serious and positive change in his attitude and character. Defendant now argues that the trial court erred in not finding this a mitigating circumstance and using it to reduce his sentence.

■■ It is well established that under the section governing criteria for sentencing, finding of mitigating factors is discretionary in the trial judge. *Cornelius v.*

*State,* (1981) Ind., 425 N.E.2d 616. We certainly do not believe the trial court erred here in disregarding defendant's self-serving statement that he had learned his lesson. There is ample evidence in the record which supports the trial court's decision to discount defendant's assertion.

### VIII.

■■■ Defendant finally contends that the trial court's justification of the maximum sentence does not set forth with the requisite particularity the reasons for the sentence. It is true that when a judge increases or decreases the basic sentence, suspends the sentence, or imposes consecutive terms of imprisonment, the record should disclose what factors were considered by the judge to be mitigating or aggravating circumstances. *Page v. State,* (1980) Ind., 410 N.E.2d 1304; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513.

■■■ Here, the trial judge gave a lengthy statement of reasons why the maximum sentence should be imposed in this case. He found that defendant had a history of prior criminal activity, including a charge of rape which was later plea bargained to battery. He also found that the crimes for which defendant was convicted were violent, heinous crimes and against the person of an innocent victim. Significantly, the trial judge emphasized the terrorizing tactics defendant used to perpetrate the crimes involved here. Finally, the trial judge noted that defendant is in need of correctional treatment that can best be provided by commitment to a penal facility and that imposition of any reduction in sentence would depreciate the seriousness of the offense.

We find that these findings set out sufficiently the trial court's reasons for imposing the maximum sentence, and that in view of the circumstances, the sentence is not manifestly unreasonable.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.